IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:        ROBIN LORRAINE BRADBY,               Case No. 10-34017-KRH
                                                    Chapter 13
             Debtor.

## MEMORANDUM OPINION

The Court has before it the objection of the Chapter 13 Trustee, Carl M. Bates, to an exemption claimed by the Debtor, Robin Lorraine Bradby (the "Debtor"), pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure (the "Objection"). The Objection challenges the Debtor's right to claim as exempt certain real property in which the Debtor owned with her husband an interest as a tenant by the entirety. Hearing was conducted on February 2, 2011, at the conclusion of which the Court took the matter under advisement. Based upon the pleadings filed, the evidence presented and the arguments expounded, the Court holds that the Debtor is entitled to the claimed exemption. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

### Jurisdiction

The Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. Fed. R. Bankr. P. 7052.

**Facts**

The Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 4, 2010 (the "Petition Date").[2] Carl M. Bates was appointed as the Chapter 13 trustee in the Debtor's case, and he continues to serve in that capacity (the "Trustee"). On the Petition Date, the Debtor owned with her husband, as tenants by the entirety, a parcel of real property located at 8708 Little Elam Road in Charles City County, Virginia (the "Real Property"). The Debtor scheduled the value of the Real Property at $60,700. One lien encumbers the Real Property in the amount of $17,000, leaving the Debtor and her husband with an equity value in the Real Property of $43,700. The Debtor sought to protect this equity value by claiming the Real Property as exempt on her Schedule C.[3] As the Debtor scheduled no joint unsecured creditors with her husband, she asserted that the Real Property was completely exempt under 11 U.S.C. § 522(b)(3)(B). It is undisputed that the Debtor claimed the exemption in a timely and appropriate manner.

The Debtor listed $39,210 in non-priority general unsecured debt on her Schedule F. All of the unsecured debt was scheduled in her individual capacity. The Debtor filed a plan as required by § 1321 of the Bankruptcy Code and Rule 3015 of the Federal Rules of Bankruptcy Procedure on June 7, 2010 (the "Chapter 13 Plan"). The Chapter 13 Plan proposes to pay $185 per month for 54 months to the Trustee. The Chapter 13 Plan payments are expected to yield a dividend of 5% to the Debtor's general unsecured creditors.

---

[2] The Debtor's husband was not a party to the bankruptcy case with the Debtor. No joint debt was listed on the Debtor's Schedule F.

[3] The Bankruptcy Code requires a debtor to "file a list of property that the debtor claims as exempt" and, "unless a party in interest [such as a trustee] objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l).

The meeting of creditors convened by the United States Trustee, pursuant to § 341 of the Bankruptcy Code, was conducted on July 22, 2010.  Prior to the date of the meeting of creditors but after the Petition Date, the Debtor's husband passed away.  On August 10, 2010, the Trustee filed an Objection to the Confirmation of the Chapter 13 Plan under § 1325(a)(4) of the Bankruptcy Code, contending that the amount proposed to be distributed under the Chapter 13 Plan was less than the amount the creditors would receive if the estate were liquidated under Chapter 7 of the Bankruptcy Code.  On August 13, 2010, the Trustee timely filed his Objection to the Debtor's Claim of Exemption pursuant to 11 U.S.C. § 522(l) and Rule 4003(b) of the Federal Rules of Bankruptcy Procedure.[4]  The Trustee contends that because "the [Debtor] is a widow . . . the [Real Property] does not qualify for exemption under 11 U.S.C. § 522(b)(3)(B); *Williams v. Peyton*, 104 F.3d 688."  Trustee's Objection to Exemptions ¶ 5.

## Analysis

"A voluntary case under [Chapter 13 of Title 11] is commenced by the filing with the bankruptcy court of a petition under such chapter."  11 U.S.C. § 301(a).  A bankruptcy estate is created upon the commencement of a bankruptcy case.  11 U.S.C. § 541(a).  The bankruptcy estate is very broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case."  § 541(a)(1).  The general rule of inclusion of property in the bankruptcy estate applies to property held as a tenant by the entirety.  *Chippenham Hosp., Inc. v. Bondurant (In re Bondurant)*, 716 F.2d 1057, 1058 (4th Cir. 1983); *Napotnik v. Equibank and Parkvale Sav. Assoc.*, 679 F.2d 316, 318 (3d Cir. 1982) (construing § 541 to include the debtor's interest in entireties property).  State law determines the particular features of this property interest.  *Butner v. United States*, 440 U.S. 48, 55 (1979).

---

[4]  The Federal Rules of Bankruptcy Procedure require the trustee or other party in interest to file objections to claimed exemptions within 30 days after the conclusion of the meeting of creditors.  Fed. R. Bankr. P. 4003(b).

3

Accordingly, the Debtor's entirety interest in the Real Property became property of her bankruptcy estate on the Petition Date. The Trustee, as representative of the bankruptcy estate, succeeded to the Debtor's interest in the Real Property and had the authority (but not the duty) to use or sell it in order to return money to creditors. 11 U.S.C. § 363(b). A Chapter 13 trustee, unlike a Chapter 7 trustee, is not charged with the duty under § 704(a)(1) of the Bankruptcy Code to collect and reduce to money property of the estate for which the trustee serves. *See* 11 U.S.C. § 1302. Rather, a Chapter 13 trustee distributes payments made by a debtor under a plan confirmed pursuant to § 1325 of the Bankruptcy Code. 11 U.S.C. § 1326(a)(2). The value of the property that a Chapter 13 trustee distributes in this fashion cannot be less than the amount that a Chapter 7 trustee would distribute if the estate were to be liquidated. 11 U.S.C. § 1325(a)(4). Thus, the Trustee in this case is required to assure that the value of the entirety property is properly accounted for in the payment stream the Debtor proposes to establish under her Chapter 13 Plan.

The Trustee objected to the Debtor's Chapter 13 Plan because it proposed to pay less than $9,990 in nominal dollars to the Debtor's unsecured creditors over the life of the plan. The Trustee contends that if the estate were to be liquidated under Chapter 7 of the Bankruptcy Code as of the effective date of the plan, then the hypothetical Chapter 7 Trustee would be able to distribute the equity value of the Debtor's fee simple interest in the Real Property. Including the equity value of the Real Property in the calculus would require the Debtor to distribute a minimum of $43,700 in order for her plan to be confirmed. As the proposed distribution is substantially less than the required minimum amount, the Trustee argues that the Debtor's Chapter 13 Plan fails the liquidation test for plan confirmation.

4

The Debtor, on the other hand, argues that she is entitled to claim the Real Property as exempt; and, therefore, the equity value of her interest in the Real Property should not be included in the Chapter 13 liquidation analysis. Individual debtors are allowed to reclaim certain property from property of the bankruptcy estate by claiming the property as exempt under 11 U.S.C. § 522. *See, e.g.*, *BancOhio Nat'l Bank v. Walters*, 724 F.2d 1081, 1082 (4th Cir. 1981). Section 522(b) of the Bankruptcy Code provides that "[n]otwithstanding section 541 of [title 11], an individual debtor may exempt from property of the estate" certain items specified under state or federal law. Section 522(d) of the Bankruptcy Code specifies the items a debtor may claim as exempt under federal bankruptcy law. Section 522(b)(2) of the Bankruptcy Code allows a debtor to choose those federal bankruptcy exemptions in lieu of any state exemptions "unless the State law that is applicable to the debtor under paragraph (3)(A) of [subsection 522(b)(1)] specifically does not so authorize." As the Debtor had been domiciled in Virginia for the 730 days immediately preceding the Petition Date, Virginia law is the state law applicable to the Debtor in this case. 11 U.S.C. § 522(b)(3)(A). Virginia has elected not to authorize debtors to avail themselves of the federal bankruptcy exemptions. Va. Code Ann. § 34–3.1.

Accordingly, the Debtor was relegated to the state exemption option. She was entitled to exclude from property of the estate only those items exempted by Virginia state law and by federal non-bankruptcy law. 11 U.S.C. § 522(b)(2)(A). A debtor pursuing the state exemption option is also permitted to exempt from property of the estate:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

5

§ 522(b)(3)(B). As the Debtor held her interest in the Real Property immediately before this case was commenced as a tenant by the entirety with her spouse, she claimed the Real Property as exempt under § 522(b)(3)(B) of the Bankruptcy Code.

Under Virginia law, a tenancy by the entirety is a concurrent form of ownership of property. It comprises "four essential characteristics, that is, unity of time, unity of title, unity of interest, and unity of possession." *Pitts v. United States*, 408 S.E.2d 901, 903 (Va. 1991). Neither spouse holding an interest in entireties property can effectuate a severance of the tenancy by his or her sole act. *Id.*; *Vasilion v. Vasilion*, 66 S.E.2d 599, 602 (Va. 1951). This restriction on alienation stems from the common-law recognition of the husband and wife as a "juristic person separate and distinct from the spouses themselves." *Pitts*, 408 S.E.2d at 903. Accordingly, property held by spouses as tenants by the entirety is exempt from the claims of individual creditors. *Hausman v. Hausman*, 353 S.E.2d 710, 711 (Va. 1987); *Vasilion*, 66 S.E.2d at 602 ("[W]here a tenancy by the entirety in the fee simple is once created the property is completely immune from the claims of creditors against either husband or wife alone.").[5] The entirety property can only be administered for the benefit of joint creditors. *Sumy v. Schlossberg*, 777 F.2d 921, 925 (4th Cir. 1985). As the Debtor had no joint creditors, she claimed all the equity in the Real Property as exempt.

The Trustee has objected to the exemption that the Debtor asserted under § 522(b)(3)(B) of the Bankruptcy Code. In any hearing on an objection to a debtor's claim of exemption, "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). The Trustee maintains that the Debtor is not permitted to claim the equity in

---

[5] The predicate for the exemption lies in the characteristics peculiar to this form of concurrent property ownership. "[T]he interest of the wife as tenant by the entirety is not during coverture subject to attachment, levy and sale. Since the wife cannot sell it herself, her creditor cannot sell it by resort to attachment and levy on an execution in an action at law." *Vasilion*, 66 S.E.2d at 604.

6

the Real Property as exempt because the death of her spouse terminated the marital estate thereby dissolving the tenancy by the entirety concurrent ownership estate and vesting fee simple title in the Real Property in the Debtor, as the sole surviving spouse. The Trustee argues that the relevant time period for determining and comparing the value of the distribution under the Debtor's proposed Chapter 13 Plan is "as of the effective date of the plan," not as of the commencement of the bankruptcy case.[6] As the Debtor would have been the sole owner of the fee simple interest in the Real Property as of the effective date of the plan, the Debtor would not have been entitled to assert an exemption as a tenant by the entirety under § 522(b)(3)(B) of the Bankruptcy Code in a liquidation case as of that date. Furthermore, the Trustee argues that §§ 541(a)(5), 541(a)(7), and 1306(a) of the Bankruptcy Code allow the Trustee to capture the Debtor's after-acquired fee simple interest in the Real Property for the benefit of the bankruptcy estate.

The Debtor exempted her interest in the Real Property on the Petition Date by listing the Real Property on Schedule C of her Petition as exempt.[7] Fed. R. Bankr. P. 4003(a). Section 522(b)(1) of the Bankruptcy Code provides that "an individual debtor may exempt from property of the estate the property listed . . . in paragraph 3 of [§ 522(b)]." Among the property listed in paragraph 3 is "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety." 11 U.S.C. § 522(b)(3)(B).

---

[6] The liquidation test set forth in the Bankruptcy Code provides that the court can only confirm a Chapter 13 plan if "the value, *as of the effective date of the plan*, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 [of title 11] *on such date*." 11 U.S.C. § 1325(a)(4) (emphasis added).

[7] The Debtor also listed $4,300 of the value of the Real Property as exempt under Va. Code Ann. § 34-4. As the Debtor timely recorded a Homestead Deed in the jurisdiction in which the Real Property is located, she is entitled to this alternative exemption of $4,300 of the equity in the Real Property separate and apart from the tenants by the entirety exemption claimed under 11 U.S.C. § 522(b)(3)(B). The Debtor's entitlement to claim the homestead exemption is not at issue in this case.

The Debtor's interest in the Real Property "immediately before the commencement of the case" was an interest held as a tenant by the entirety. The death of the Debtor's spouse following the Petition Date did not change the status of the Debtor's Real Property ownership interest as of the commencement of the case. Once the exemption has been claimed, the entirety exemption survives and continues to protect the property even when one spouse dies during or after bankruptcy. *Birney v. Smith (In re Birney)*, 200 F.3d 225, 229 (4th Cir. 1999). The death of a spouse does not result in the transfer of an interest in the property to the surviving spouse because the tenant "in the first instance . . . took the entirety which, under the common law, was to remain to the survivor." *Id.* It would appear, therefore, that the Debtor has properly claimed and is entitled to assert the tenancy by the entirety exemption in the Real Property even after the death of her husband.

      The Trustee argues that the holding in *Fairfield v. United States (In re Ballard)*, 65 F.3d 367, 371 (4th Cir. 1995) requires a different result. In *Ballard,* a married couple filed a joint Chapter 11 petition. *Id.* at 368. The married couple owned real property as tenants by the entirety. *Id.* Following the commencement of the case, but before the case was converted to Chapter 7, one of the debtors died. *Id.* The court held that the interest of the surviving spouse in the entirety property was converted from a tenancy by the entirety to an interest held in fee simple. *Id.* at 372. The property, under Virginia law, then became subject to the claims of both joint and individual creditors. *Id.* Because the property was property of the bankruptcy estate, the Chapter 7 trustee, as the successor to the remaining debtor's survivorship interest, was then entitled to administer the property for the benefit of all the creditors of the remaining debtor's bankruptcy estate. *Id*.

8

The distinguishing difference between *Ballard* and the case at bar is that the debtors in *Ballard* never sought to claim their entireties property as exempt under § 522(b)(3)(B) of the Bankruptcy Code. *In re Ballard*, 65 F.3d at n.2. Rather, a joint creditor tried to assert the exemption on the debtors' behalf. *Id.* Only an individual debtor or a dependent of a debtor is entitled to claim property as exempt. 11 U.S.C. § 522(b)(1); Fed. R. Bankr. P 4003(a).

The surviving spouse in *Ballard* had a priority, nondischargeable tax debt for which he was personally liable. The surviving spouse wanted the proceeds from the sale of the real estate (in which he had held an entirety interest up until the death of his spouse) to be made available to pay the nondischargeable, priority tax debt and not to pay the joint debt that was fully dischargeable. Accordingly, the debtor did not claim the available exemption, and the joint creditor tried to assert it in his stead.[8]

The argument that failed in *Ballard* was the joint creditor's claim that the property was exempt as tenancy by the entirety property. Had the debtors properly claimed the property as exempt in their own right, the death of the joint debtor would not have vested the bankruptcy trustee with the survivorship interest in the property, and the bankruptcy trustee would not have been entitled to administer the property on behalf of individual creditors. *In re Ballard*, 65 F.3d at 371.

When a Debtor holding an interest in property as a tenant by the entirety files a bankruptcy petition, the tenancy and the accompanying rights of survivorship are not destroyed. The entirety interest and the survivorship interest in the property pass to the bankruptcy estate.

---

[8] The joint creditor wanted the Chapter 7 trustee to administer the entirety property exclusively on behalf of joint creditors of the debtors, thereby avoiding the priority status accorded to the individual tax debt. *See Sumy*, 777 F.2d at 925 (characterizing Maryland entireties property as an asset of debtors' joint bankruptcy estates and permitting liquidation only for the benefit of joint creditors); *Ragsdale v. Genesco, Inc.*, 674 F.2d 277, 279 (4th Cir. 1982) (applying the same principle to Virginia entireties property)*; Va. Nat'l Bank v. Martin (In re Martin)*, 20 Bankr. 374, 376 (Bankr. E.D. Va. 1982)*.* Upon the destruction of the tenancy by the entireties, however, the joint creditor was accorded no greater priority than that enjoyed by any non-joint creditor.

9

*In re Bondurant*, 716 F.2d at 1058; *Napotnik*, 679 F.2d at 318. Absent a claim of exemption, upon the death of the nondebtor tenant, the entirety interest in the property will pass to the trustee of the debtor's bankruptcy estate by survivorship. *In re Ballard*, 65 F.3d at 371. If the property is claimed as exempt under § 522(b)(3)(B), however, the tenancy by entirety property along with all the accompanying rights—including the right of survivorship—is reclaimed by the debtor and is no longer property of the bankruptcy estate. *In re Birney*, 200 F.3d at 229. In that instance, upon the death of the non-debtor spouse, the property maintains its exempted status because § 522(b)(3)(B) provides that the property that is exempt is the interest that the debtor had "immediately before the commencement of the case."

The Trustee argues that this analysis ignores the timing considerations imposed by § 1325(a)(4)[9] and the dictates of §§ 541(a)(5), 541(a)(7), and 1306(a) of the Bankruptcy Code. The Trustee argues that property of the estate encompasses more than that which is provided by § 541(a)(1) of the Bankruptcy Code and includes interests in property that a debtor acquires postpetition. The Trustee maintains that the bankruptcy estate acquired the Debtor's fee simple ownership interest in the Real Property upon the death of the spouse.

The Trustee's timing concern under § 1325(a)(4) is a red herring. This is no better illustrated than by the ultimate liquidation test—the Debtor's right to convert this Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 1307. When a case under Chapter 13 of the Bankruptcy Code is converted to Chapter 7, property of the estate in the converted case generally consists of property of the estate as of the Petition Date. *See* § 348(f)(1)(A). The purpose of the timing mandate set forth in § 1325(a)(4) of the Bankruptcy Code is not to reset exemption rights after the Petition Date but to ensure that the present value

---

[9] *See supra* note 6 and the accompanying text.

of the income stream under a proposed plan is equivalent to the liquidation value of the estate property as of the effective date of the plan.

Sections 541(a)(5), 541(a)(7), and 1306(a) of the Bankruptcy Code are not controlling either. Section 541(a)(5) allows the estate "to capture property acquired by a debtor within 180 days after the filing of bankruptcy . . . if the property were obtained as a result of an inheritance, a divorce settlement, or insurance proceeds." *In re Birney*, 200 F.3d at 229. The Debtor did not obtain the Real Property as a result of a divorce settlement or from insurance proceeds. Furthermore, the unique nature of tenancy by the entirety property means that at the death of a spouse the survivor does not "inherit" the fee simple interest in the Real Property. Rather, the surviving spouse continues her full ownership of the Real Property alone, through the right of survivorship. *Id.* Section 541(a)(5) is simply inapplicable.

Next, the Trustee argues that the Debtor acquired her fee simple interest in the Real Property postpetition. "Any interest in property that the estate acquires after the commencement of the case" also becomes property of the estate. 11 U.S.C. § 541(a)(7). Section 541(a)(7) was enacted "'to ensure that property interests created with or by property of the estate are themselves property of the estate.'" *McLain v. Newhouse (In re McLain)*, 516 F.3d 301, 312 (5th Cir. 2008) (quoting 124 Cong. Rec. H11096 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards); 124 Cong. Rec. S17413 (daily ed. Oct. 6, 1978) (statement of Sen. DeConcini)). The Debtor's interest in the Real Property was not created postpetition with or by property of the estate. *Vasilion*, 66 S.E.2d at 602 ("[T]he whole of the estate by the entireties remains in the survivor."). The Debtor's interest in the Real Property as a tenant by the entirety became property of the estate at the commencement of the case, not thereafter. Once the property interest was exempted, it was removed (along with the right of survivorship) from property of the

11

estate. Section 522(b)(3)(B) allowed the Debtor to make that exemption at the commencement of the case. The estate thereafter did not acquire any new interest in the Real Property because the Debtor was not vested with any new interest in the Real Property upon the death of her spouse. *In re Ballard*, 65 F.3d at 371.

Finally, the Trustee argues that the estate acquired the fee simple interest in the Real Property under § 1306 of the Bankruptcy Code after the commencement of the case and before the case was closed, dismissed, or converted. 11 U.S.C. § 1306(a)(1).[10] This section was included in Chapter 13 to maintain the viability of bankruptcy plans once underway. The Debtor's rights and interests in the Real Property did not change postpetition. She did not acquire any new interest that she did not possess upon commencement of the case or that she did not fully exempt under § 522(b)(3)(B) of the Bankruptcy Code. Section 1306 does not defeat the Debtor's right to otherwise claim her interest, as it existed in the Real Property as of the commencement of the case, as exempt. The Debtor did not acquire any new interest in the Real Property after the commencement of the case.

## Conclusion

Pursuant to the plain language of § 522(b)(3)(B) and the unique characteristics of tenancy by the entirety property, the Court concludes that the Debtor retains the exemption in the Real Property following the death of her spouse. Accordingly, the Trustee's Objection to the claimed exemption will be overruled.

A separate order shall issue.

---

[10] Section 1306(a)(1) of the Bankruptcy Code provides in pertinent part that "[p]roperty of the estate includes . . . all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted."

Entered: _____

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE